UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYAN KEITH BROWN,

  Petitioner,

    v.           CAUSE NO. 3:19-CV-417-JD-MGG

WARDEN,

  Respondent.

## OPINION AND ORDER

  Bryan Keith Brown, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 19-04-0022) where a Disciplinary Hearing Officer (DHO) found him guilty of interfering with staff in violation of Indiana Department of Correction (IDOC) offense B-252. ECF 1. As a result, he was sanctioned with the loss of 30 days earned credit time and imposition of a suspended sentence, which resulted in the loss of another 30 days of earned credit time. ECF 9-3.

  The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in

the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Brown's petition asserts only one ground for relief: that he was denied the right to present evidence at his hearing; namely, a statement from Sgt. Tinsley and video evidence showing that Sgt. Tinsley permitted him to leave his cell at approximately 6:30 p.m.

The Conduct Report charged Brown as follows:

> On 3-29-19 at approx 8:00 pm, I Ofc. Mitchell was securing on 500E in CCH. While securing on 500E, I observed that Offender Brown (#941740, 512E) was not in his cell at approx. 8:00pm, despite the fact that at 7:00pm it was announced to secure. For this I'm issuing this conduct report for Interfering with staff. End of Report.

ECF 9-1 at 1. Brown was charged with violating IDOC B-252, which prohibits "{i]nterfering with a staff member in the performance of his/her duties." Adult Disciplinary Process Appendix I: Offenses, at 1 (June 1, 2015), available at http://www.lb7.uscourts.gov/documents/216-cv-821.pdf (last visited Jan. 4, 2021). He asked to call the "K Group Sgt" as a witness, indicating that the sergeant would testify that he let Brown out and gave him permission to stay out. ECF 9-2. This request was denied because no sergeant was on the shift on March 29, 2019. He also asked for camera evidence that would show the sergeant letting Brown out of his cell and giving him permission to stay out. The camera evidence was reviewed, and summarized as follows:

> Video review shows inmate enter his cell @ 7:46:04 & then leave the cell at 7:46:17. No staff is there when inmate enters & exits cell. Staff is on the range at 7:57:53 when they check CE512 for occupancy.

2

>Inmate doesn't return back to cell until 8:05:55 & is secured by staff @ 8:11:256[.]

ECF 9-4. On the basis of the video evidence and staff report, the DHO found Brown guilty.

In his petition, Brown states that Sgt. Tinsley let him out of his cell at 6:30 p.m. to help with sanitation. He claims that he finished his work for Sgt. Tinsley at 8:00 p.m. and returned to his cell at 8:05 p.m. Mitchell then wrote him up because he did not know that Sgt. Tinsley let him out to help with sanitation. Brown indicates that Sgt. Tinsley told Brown that he would write him a statement to clear up the misunderstanding.

Brown states that he requested Sgt. Tinsley's statement when he was screened. But, the screening report does not identify Sgt. Tinsley by name. Brown only identifies the individual as "K group Sgt." While Brown had a right to request evidence in his defense, *see Wolff*, 418 U.S. at 566, here he did not identify the sergeant by name and there was no sergeant assigned to K group on the night of the incident. According to Brown, whether Sgt. Tinsley was assigned to CCH or not, he was working at CCH and was on camera letting Brown out of his cell, so there shouldn't have been a problem identifying him. But, Sgt. Tinsley let Brown out of his cell at 6:30 p.m. When Brown requested video evidence, he did not specify when the sergeant let him out of his cell. Video evidence was reviewed. But, because Brown did not specify a time period, video was reviewed to determine when Brown left his cell. The video showed that Brown last left his cell around 7:45 p.m. and that he returned at approximately 8:05 p.m. He was not accompanied by a staff member when he left his cell. Based on Brown's request,

3

prison staff couldn't have known to look as far back at 6:30 p.m. to determine who the sergeant was that permitted Brown to exit his cell. Because Brown did not identify Sgt. Tinsley by name at screening and a reasonable review of the video evidence did not reveal a sergeant letting Brown out of his cell, the failure to obtain a statement from Sgt. Tinsley did not violate his due process rights.

While the DHO did review the video evidence, Brown takes issue with the review, claiming that the DHO concentrated on the time that Brown went back to his cell rather than how he got out of his cell. Even if Brown had made it clear that the video needed to be reviewed as far back as 6:30 p.m., and even if a review of the video showed that Sgt. Tinsley let Brown out at 6:30 p.m., this would not explain why, when Brown returned to his cell at 7:45 p.m., he left again for approximately 20 minutes. Nowhere does he assert that he had Sgt. Tinsley's permission to return to his cell and leave a second time.

Due process only requires production of "exculpatory" evidence. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Evidence that Sgt. Tinsley let Brown out of his cell at 6:30 p.m. to help with sanitation  - whether in the form of a statement from Sgt. Tinsley or video evidence - does not directly undermine the reliability of the evidence in the record that points to Brown 's guilt; namely, Mitchell's report that Brown was not in his cell at approximately 8:00 p.m. and the video evidence showing that Brown returned to his cell and left again without a staff

4

member present at approximately 7:45 p.m. Because Brown was not denied any exculpatory evidence, the DHO's failure to obtain a statement from Sgt. Tinsley or review the video evidence as far back as 6:30 p.m. did not violate Brown's due process rights. *White*, 266 F.3d at 767. Therefore, this is not a basis for granting habeas corpus relief.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). The DHO had sufficient evidence to find Brown guilty of this offense. The Conduct Report contained sufficient information to find Brown guilty. It was not arbitrary for the DHO to conclude that Brown interfered with

5

staff given that Officer Mitchell's conduct report states that Brown was not secured in his cell at 8:00 p.m. even though inmates were directed to return to their cells at 7:00 p.m. While Brown admits that he was not in his cell, he claims that he had explicit permission from Sgt. Tinsley to be outside of his cell, and that he was therefore not guilty of interfering with staff. But, the DHO was not required to credit Brown's version of events. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Therefore, the court concludes that the DHO's finding that Brown was guilty was neither arbitrary nor unreasonable in light of these facts.

If Brown wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Bryan Keith Brown's petition for writ of habeas corpus (ECF 1) is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED on January 5, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT